IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13CV5886**

DEAN OSBORNE BRUCE

    Petitioner,

    -v-

UNITED STATES OF AMERICA,

    Respondent,

1:04 CR. 00119-06 (AK
HELLERSTEIN-DC-Judge
A040 092 699
Bop No, 55737-019

Petitioner, Dean osborne Bruce, appearing Pro Se, brings this motion unde 28 U.S.C Section 2255 to vacate his guilty plea. Petitioner is uneducated In the Law so the court should Construe his motion "liberally". Haines -v- Kerher, 404 U.S. 591 (1972). Petitioner Bruce miss the one-year cutoff fo Seeking federal habeas corpus relief. Under the Antiterrorism and Effecti Death Penalty Act (AEDPA).Can still have their Constitutional claim heard If they convince the district court that no reasonable juror would find Them guilty after hearing new evidence of their " actual innocence" A majority of the U.S. Supreme Court ruled May 28, (Mc Quiggin v.Perkins, U.S. No. 12-126, 5/28/2013.

2013 AUG 19 P 2:45
SDNY PRO SE OFFICE
RECEIVED

Petitioner, Bruce. Present new evidence to the court. Petitioner, arrive The United States in August of 1986. at J.F.K. International Airport.in New York City as a Lawful Permanent Resident of the United States. See Exhibit (A). file No.A040-092-699.Petitioner was charge with 8 U.S.C. 13 (A).ILLEGAL RE-ENTRY BY AN AGGRAVATED FELON. (SRT VIOL) See Exhibit (B). Petitioner, is a Stepchild of a United States citizen parent. See Exhibit (c)(D). A Stepchild will qualify for immediate-relative Status when (1) Marriage creating the Stepchild relationship occurred before the child's Eighteenth birthday and (2) the Stepchild relationship exists at the time The Status is Sought.See Exhibit (E)(F). (Citizenship Claim not frivolous The Constitution is violated when a person with a non-frivolous claim to U.S. Citizenship is deported without receiving a judicial determination of That claim."Rivera v. Ashcroft, 394 F.3d 1129,1140 (9th cir.2005). Nunc Tunc Relief. the Phrase nunc Pro tunc means, literally,"now for then". See Exhibit(E). See also louri v. Ashcroft, 464 F.3d 172,182 (2d cir.2006 (internal quotation marks ommitted)." when a matter is adjudicated nunc Tunc it is as if it were done as of the time that it should have been don Edwards v. INS, 393 F.3d 299, 308 (2d cir. 2004); accord Blake v.carbone, 489 F.3d 88, 94 n5 (2d cir.2007). However, the doctrine of nunc Pro tunc "Is a far-reaching equitable remedy applied in certain exceptional cases, Typically aimed at rectify[ing] any injustice [to the Parties] Suffered. By them . On account of judicial [or agency] delay. loun v. Ashcroft, 464 F.3d 172, 182 (2d cir. 2006).(quoting lavorski 232 F.3d at 130 n4 and Weil v. Markowitz, 829 F.2d 166, 175,264 U.S. APP. D.C.381 (D.C Cir.1987) See Exhibit (c)(D)(E). Naturalization Process,In General.the Constitution Of the United States, as originally adopted, refers to "naturalization". U.S. Const. art. 1, Section 8, cl.4 and the fourteenth Amendment refers to "Naturalized" Citizens. U.S. Const. amend. xiv, Section 1. it hasoften bee Said that the naturalized person is not a Second class citizen.See, e.g., Knauer v. United States, 328 U.S. 654,658,66 S.ct. 1304,90 L.Ed 1500(1946)

Schneiderman v. United States, 320 U.S. 118, 63 S, ct. 1333.87 L.Ed. 1796(193
In most respects the naturalized citizen is accepted as a member of our socie
On an equal footing with the native born. See Osborn v. Bank of United States
22 U.S. 738 (9 wheat. 738), 6. L.Ed. 204 (1824); Luria v. United States, 231
9, 22,34 S. ct. 10, 58 L.Ed. 101 (1913). This is just such an exceptional cas
The argument is a pure question of law. See Exhibit (c)(D)(E). even if not
Raised below where refusal to reach the issue would result in a miscarriage o
Justice or where the issue's resolution is of Public importance"j; Selected
Risks Ins. CO V. Bruno, 718 F.2d 67, 69 (3d cir. 1983). See Exhibit (c)(D)(E)
No additional fact-finding is necessary as will appear, the proper resolution
The legal question, throught not exactly simple, is reasonably certain and
Failing to consider Bruce, argument would result in the substantial injustice
Of deporting an American citizen. See Exhibit (c)(D)(E). when appellant's mot
Was naturalized in 1989, she had "legal custody" of appellant for purposes of
8 U.S.C.S. Section 1432 (a)(3)(repealed 2000). because she had actual uncon--
Tested custody under " matter of M." as other requisites of Section 1432 (a)
Were met, appellant gained derivative U.S. Citizenship when his mother was
Naturalized. He was not deportable. See Exhibit (c)(D)(E).INA Section 101(a)(
(22), and 308, 8U.S.C. Section 1101(a)(21),(22), and 1408. The present Statut
Defines alien as any person not a citizen or national of the United States.
INA Section 101 (a)(3) 8 U.S.C. Section 1101 (a)(3).The Statute also defines
National as a person owing permanent allegiance to a State New York.INA Sectio
101 (a)(21), 8 U.S.C. Section 1101 (a)(21).The Immigration and Nationality Ac
(INA) defines naturalization as the conferring of nationality after birth by a
Means. INA Section 101 (a)(23), 8 U.S.C. Section 1101 (a)(23). The term natior
Ordinarily means a person owing permanent allegiance to a State of New York.
See,e.g. INA Section 101 (a)(21), 8 U.S.C. Section 1101 (a)(21).Naturalizatior
Of a child's parents is a prerequisite to derivative citizenship under the pla
Language of the former derivative citizenship Statute. See Robinson v. Shell C
Co, 519 U.S. 337, 340, 117 S. ct. 843, 136 L.Ed. 2d 808 (1997).See Exhibit (c)
(D)(E).

(3)

Derivative Citizenship can be acquired by a child through the naturalizatio
Of his parent only if the conditions prescribed by Congress are Satisfied.
See Zartarian v. Billings,n.16 Supra; Kaplan v. Tod, n.16 Supra; Patton v.
N.24 Supra; Montana v. Kennedy, 366 U.S,308, 81 S. ct. 1336, 6 L.Ed.2d 313
(1961); Di Rienzo v. Rodgers, 185 F.334 (3d cir. 1911); Dallao v. Corsi,55F
941 (S.DN.Y. 1932). or who have acquired citizenship by judicial, or
Administrative, See Wo v. Dulles, 236 F.2d 622 (9th cir. 1956).Naturalizati
Or in any other manner. It is now well settled, However, that the constitut
Conferred the power to naturalized. See Exhibit (c)(D)(E). A claim of U.S.
Citizenship or naturalization. See, e.g. Van Eeton v. Beebe, 49 F. Supp. 2d
1186 (D.Or.1999).Petitioner could produce evidence of naturalization, court
recognized his Fifth Amendment procedural due process right to fair hearing
See Exhibit (c)(D)(E). Petitioner, Bruce, presents an exceptional scenario
Which the courts are required by Statute to consider the merts of a
Nationality claim. The INA codifies the principle established in Ng Fung Ho
White, 259 U.S. 276 (1922),That a person who makes a nonfrivolous claim of
U.S. Citizenship has a due process right not to be deported without a judic
Trial on the citizenship issue. See Hughes v. Ashcroft, 255 F.3d 752, 755
(9th cir. 2001) See Exhibit (c)(D)(E).(INA Section 242(b)(5)(A) requires a
Court of appeals to adjudicate the removal order if the petitioner claims t
Be a citizen or national). See also Medina v. INS. 1 F.3d 313 (5th cir. 199
(Language of then-INA Section 242 (b)(5) Suggested Congress intended to
Protect the prtitioner seeking recognition of his or her citizenship, not t
INS). See Exhibit (c)(D)(E). Under Title, 28 U.S.C.S.§ 1361 Action to compe
An officer of the United States to perform his duty.(Oct. 5.1962,P.L.87-748
Section 1(a). 76 Stat. 744). Proof of Relationship. An applicant's relation-
Ship to an alleged parent is sometimes at issue in an exclusion proceeding,
Particulary when a derivative citizenship claim is presented.In these cases
The applicant has the burden of proving, for example, his or her parent's U.
Citizenship and the applicant's own relationship to that citizen. Ark v. ca
105 F.2d 607(9th cir. 1939). Alienage. As a matter of pure logic there would

(4)

Seem to be no point in naturalizing a person who is already a citizen of the United States. some courts have relied upon this reasoning in denying the Applications for naturalization of persons deemed already citizen. See In re Donshy, 77 F. Supp. 832 (S.D.N.Y. 1948); In re Black, 64 F. Supp.518 (D.Minn. 1945); In re Bishop, 26 F.2d 148 (W.D.Wash 1927); In re Grant, 289 F.814 (S.D. Cal.1923).In cases of derivative citizenship, uncertain as to the precise Sta Of the person through whom citizenship was claimed. See, e.g., memorandum fro Terrance M. O'Reilly, Acting INS Ass;t Comm'r,to all INS field offices, File HQ 321, Section 321(a) of the INA (Feb. 18. 1997), reproduced at 2 Bender's Immigr. Bull 527(July 1, 1997). The memo notes that it was uncertain-whether Minor whose alien parent dies while the other-parent is naturalized can deriv Citizenship from the naturalized parent.See Exhibit (c)(D)(E).A federal court Retains subject matter jurisdiction to consider a non-citizen's claim of citi Ship because such a claim raises a Constitutional issue or a question of law, Relting on our decisions in Poole v. Mukasey, 522 F.3d 259 (2d cir. 2008), and Ashton v. Gonzales, 431 F.3d 95 (2d cir.2005).See Exhibit (c)(D)(E)." Petitior Have a genuine issue of material fact,"See Exhibit (c)(D)(E)(F). However, Petitioner did meet the criteria for derivative citizenship under section 1432 (a)(repealed) when he did reside lawfully in the United States as a minor when his mother was naturalized. Petitioner's mother had entered the United States some time in 1979. And petitioner was admitted to the United States as a lawfu permanent resident in August of 1986.At the age of fifteen years old. Petitioner lived in the United States continuously since August of 1986. Petitioner could not be deportted because he was a citizen of the United State Petitioner was residing in the United States pursuant to a lawful admission fo Permanent residence. To determine whether an alien obtains derivative citizen- Ship under 8 U.S.C. Section 1432 (a), the court"appl[ies] the law in effect when [petitioner] fulfilled the last requirement for derivative citizenship." Ashton v. Gonzales, 431 F.3d 95,97 (2d cir. 2005). At the time petitioner's mother received her citizenship in 1989,section 321(a) of the INA provided,

(5)

a child born outside of the United States of alien parents.Relevant part... becomes a citizen of the United States upon fulfillment of the following conditions.(3) Or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimatio See Exhibit (F).and if (4) such naturalization take place while such child is unmarried and under the age of eighjeen year, and (5) such child is residing i the United States pursuant to a lawful admission for permanent residence at th time of the naturalization of the parent...naturalized under clause...(3). 8 U.S.C. Section 1432(a)(emphasis added).(repealed 2000). Petitioner meets condition (3) because at the time his mother was naturalized. She had sole custody of him. See Exhibit (c)(D)(E)(F). He also meets condition (5) because he began to reside in the United States as a lawful permanent resident in 1986. Any right to citizenship must be granted by Congress pursuant to its powers under U.S. Const, art.1 section 8, cl. 4. The applicable law for transmitting citizenship to a illegitimate child born abroad when one parent is a United - States citizen is the Statute that was in effect at the time of the child's birth. 8 U.S.C.S. Section 1432(a)(3)(4)(5). Petitioner is entitled to derivativ citizenship under former Section 321 (a)(3). Because petitioner was not born ir the United States. Naturalization is his "sole source for a claim of citizenship." Marquez-Marquez, 455 F.3d at 554. He bears the burden of proving that he qualifies for naturalization, and the court resolves [377 Fed. Appx. 364) all doubts on the matter in favor of the United States. See id. Because he turned eighteen in 1997, the provisions of former Section 321 (a) apply to his claim. Those provisions were repealed by the Child Citizenship Act of 2000,Pub.L. No. 106-395, 114 Stat. 1631 (2000),but as petitioner acknowledges, the child citizenship Act is not retroactive. Thus,his claim is governed by section 321(a). See Nehme v. INS, 252 F.3d 415, at 430-32 (5th cir. 2001).Because congress's intent indrafting section 321(a) was the protection of parental rights by ensuring that only those alien children "whose real interest[s]' were located in America with their custodial parent" would be automatically naturalized. See Exhibit (D)(F).

(6)

Children born outside the United States, of alien parents, acquire U.S. citizenship automatically if before their eighteenth birthday they move to th United States, and one or both of their parents become U.S. citizens. Sectio 321(a) of the Immigration and Nationality Act, 8 U.S.C.§ 1432 (a).Dean Bruce who was born in Jamaica of Jamaican parents, contends that he became a citiz on February 24, 1989, See Exhibit (D). Before his eighteenth birthday, when his mother Linda Dewar became a naturalized United States citizen. See Exhib (D).Whether these events made Bruce a citizen depends on § 321(a), which rea A child born outside of the United States of alien parents ...becomes a citi of the United States upon fulfillment of the following conditions: (3) or th naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; See Exhibit (F). See also WEDDERBURN v. I.N.S. at page 796-797. Under § 101(c)(1).becau petitioner was a child at the time his mother was naturalized in 1989. See Exhibit (D)(F). See Wedderburn at page 799.According Bruce, the statute " creates an invidious classification between naturalized mother of illegiti- mate children, who can pass on the benefit of citizenship. See Exhibit (D)(F See also Miller v. Albright, 523 U.S. 420, 118 S. Ct. 1428, 140 L.Ed.2d 575 (1998), under 8 U.S.C.§ 1409, which provides that illegitimate children inher the citizenship of their mothers. Wedderburn v. I.N.S 215 F.3d 795, 800-801 (7th cir. 2000). Here petitioner mother file for naturalization before petitioner eighteenth birthday. Further if not for the agency delay petitione would have obtain derivative citizenship. Further [in the unpublished decisic relied upon in Poole, the third circuit remanded for the agency to determine whether, as a general rule. The petitioner Bruce age at the time of his mothe filing her naturalization application should govern over the petitioner; age, at the time the naturalization occurred, regardless of whether any undue dela occurred, See Calix-Chavarria, 182 Fed. App'x at 76 (remanding with apparent approval of the Attorney General, for the agency to consider whether " the

(7)

Child Status Protection Act of 2002 [], Pub. L. No. 107-208, 116 Stat. 927. [Which] amended the Immigration and Nationality Act to provide " age out protection for individuals who were children at the time naturalization application filed. At the time the child was less than eighteen (emphasis added)). Such a r&#xFEFF; would couer Bruce, case too. Because his mother's application was filed before eighteenth birthday. Thus, in short, under both poole and Calix-Chavarria, Bruce claim for derivative citizenship is an essential jurisdiction fact. 294 Fed.App&#xFEFF; 637 :: Lewis v. Elroy :: September 26, 2008. See Exhibit (D)(F). Petitioner, Br&#xFEFF; mother marries the stepfather Ivan Henry Dewar, in November 26, 1982. Exhibit ( For the purposes of section 101 (b)(1)(b) of the Immigration and Nationality Ac&#xFEFF; (8 U.S.C.A. Section 1101 (b)(1)(b)). 54 A.L.R. Fed. 182 (1994). The stepchild relationship continues with the stepfather and the biological mother. See Matte&#xFEFF; of Mourillon, 18 I,& N. Dec. 122 (BIA 1981). The Act's definition of stepchild applies even if the child was born out of wedlock. See, e.g., Matter of Howard, Immigr. Rep. B1-190 (BIA 1986). See Exhibit (E). A stepchild includes a child b&#xFEFF; out of wedlock whose father marries a U.S. Citizen. Who treats the child as a member of the family. See Palmer v. Reddy, 622 F.2d 463, 464 (9th cir. 1980)(IN&#xFEFF; benefits an unlegitimated child whose father married a U.S. Citizen and then sought to have the child join them in the United States); Matter of The, 11.L a&#xFEFF; N. Dec. 449(BIA 1965)(in the converse situation, the wife of the father was entitled to preferred status as a parent); Paul Wickham Schmidt, Immigration benefits for children born out of wedlock and their natural father: A survey of the Law, 16 San Diego L. Rev. 11, 29 (1978). In addition, a child born out of wedlock to a man qualifies as a stepchild of the woman he later married when the beneficiaries are under eighteen years old. Without any need for showing " activ&#xFEFF; parnetal interest" or a "close family unit". Matter of Mc Millan, 17 L. & N. Dec 605 (BIA 1981); See Matter of Mourillon, 18 L. & N. Dec. 122 (BIA 1981); 8 C.F.F&#xFEFF; Section 204.2 (d)(2)(iv)(evidentiary requirements for stepchild petitions are birth certificate of stepchild, marriage certificate of biological parent and stepparent. See Exhibits (c)(D)(E)(F).

The Executive Branch may remove certain aliens but has no authority to remo[ve a] citizen. An assertion of United States " citizenship is thus a denial of an essential jurisdiction fact." Ng Fund Ho v. White, 259 U.S. 276, 284, 42 S. 492, 66 L.Ed. 938 (1922); Rivera v. Ashcroft, 394 F. 3d 1129, 1136 (9th cir. 2005); See also Frank v. Rogers, 102 U.S. APP. D.C 367, 253 F. 2d 889, 890 (D.C. cir. 1958); (" Until the claim of citizenship is resolved, the proprie[ty] of the entire proceeding is in doubt".) The Constitution does not permit American citizenship to be so easily shed. " Rivera, 394 F. 3d at 1136. (" citizenship is not a license that expires upon misbehavior."). Not all children need to have their parents file an application with INS in order to become U.S. citizens. Some children become U.S. citizens automatically by deriving citizenship upon the naturalization of their parents. In such cases they only need evidence of their citizenship status, which can be in the for[m] of a certificate of citizenship or a U.S. passport. see Exhibit (c)(D). The Board of Immigration Appeals thereafter reached the opposite conclusion [in] a published decision. In Matter of Baires, 24 I&N Dec. 467 (BIA 2008) the Board held to derive citizenship through the custody of a U.S. citizen who h[as] already naturalized, one " must show only that he was in the legal custody o[f] his stepfather and biological mother before he reached the age of 18 years. See Exhibit (c)(D)(E)(F). It has long been held that a certificate of naturalization, issued by the court, is not subject to collateral attack. In re Flegenheimer, 41 OP. Att'y Gen.70 (1960)(resolving Previous conflict between Department of State and INS). Cf. Cheung v. Rogers, 272 F.2d 354 (9th cir. 1959)(certificate of naturalization subject to rebuttal by evidenc[e] of blood test). Isau v. Smith, 511 F.3d 881, 891, (9th cir. 2007). Despite petitioner criminal offense. See Exhibit (B).Under all the circumstances, petitioner argues that the district court erred in convicting the defendant with illegal reentry. The indictment was fundanmentally unfair. 394 F.3d 111[?] United States v. Scott:: October 12, 2004.Petitioner, ask this court to reversed judgment, and the conviction for illegal reentry should be expunged from his record.

(9)

## CONCLUSION

For the foregoing reasons, the writ of habeas corpus should issue forthwith on all issues contained herein, thereby vacating and set aside the conviction and sentence, or, in the alternative that the petitioner be immediate relief based on the evidence present. See Exhibit (A)(B)(c)(D)(E)(F).

## Certificate of Service

I hereby certify under penalty of perjury that a true and complete copy of this motion including the exhibits was mailed via first class mail to the court.

on this 5 day of August 2013

Respectfully Submitted,
Dean Osborne Bruce
Dean Osborne Bruce, pro se

EXHIBIT (A)

## DEPARTMENT OF HOMELAND SECURITY
## IMMIGRATION DETAINER - NOTICE OF ACTION

Subject ID: 346173857
Event #: PHO1304000874

File No: A040 092 699
Date: April 18, 2013

TO: (Name and Title of Institution - OR Any Subsequent Law Enforcement Agency)
US MARSHAL - PHOENIX
SANDRA DAY O'CONNER US COURTHOUSE, S 270
PHOENIX, AZ 850032159

FROM: (Department of Homeland Security Office Address)
PHOENIX, AZ, DOCKET CONTROL OFFICE
USICE / DRO
2035 N. CENTRAL AVE.
PHOENIX, AZ 85004

### MAINTAIN CUSTODY OF ALIEN FOR A PERIOD NOT TO EXCEED 48 HOURS

Name of Alien: BRUCE, Dean
Date of Birth: 08/13/1970    Nationality: JAMAICA    Sex: M

**THE U.S. DEPARTMENT OF HOMELAND SECURITY (DHS) HAS TAKEN THE FOLLOWING ACTION RELATED TO THE PERSON IDENTIFIED ABOVE, CURRENTLY IN YOUR CUSTODY:**

☐ Determined that there is reason to believe the individual is an alien subject to removal from the United States. The individual (check all that apply):

- has a prior a felony conviction or has been charged with a felony offense;
- has three or more prior misdemeanor convictions;
- has a prior misdemeanor conviction or has been charged with a misdemeanor for an offense that involves violence, threats, or assaults; sexual abuse or exploitation; driving under the influence of alcohol or a controlled substance; unlawful flight from the scene of an accident; the unlawful possession or use of a firearm or other deadly weapon, the distribution or trafficking of a controlled substance; or other significant threat to public safety;
- has been convicted of illegal entry pursuant to 8 U.S.C. § 1325;
- has illegally re-entered the country after a previous removal or return;
- has been found by an immigration officer or an immigration judge to have knowingly committed immigration fraud;
- otherwise poses a significant risk to national security, border security, or public safety; and/or
- other (specify): _____

☒ Initiated removal proceedings and served a Notice to Appear or other charging document. A copy of the charging document is attached and was served on _____ (date).

☐ Served a warrant of arrest for removal proceedings. A copy of the warrant is attached and was served on _____ (date).

☐ Obtained an order of deportation or removal from the United States for this person.

*This action does not limit your discretion to make decisions related to this person's custody classification, work, quarter assignments, or other matters. DHS discourages dismissing criminal charges based on the existence of a detainer.*

**IT IS REQUESTED THAT YOU:**

☐ Maintain custody of the subject for a period **NOT TO EXCEED 48 HOURS**, excluding Saturdays, Sundays, and holidays, beyond the time when the subject would have otherwise been released from your custody to allow DHS to take custody of the subject. This request derives from federal regulation 8 C.F.R. § 287.7. For purposes of this immigration detainer, you are not authorized to hold the subject beyond these 48 hours. As early as possible prior to the time you otherwise would release the subject, please notify DHS by calling _____ during business hours or _____ after hours or in an emergency. If you cannot reach a DHS Official at these numbers, please contact the ICE Law Enforcement Support Center in Burlington, Vermont at: (802) 872-6020.

☒ Provide a copy to the subject of this detainer.

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death, hospitalization or transfer to another institution.

☐ Consider this request for a detainer operative only upon the subject's conviction.

☐ Cancel the detainer previously placed by this Office on _____ (date).

JERRY M. GOODMAN - IMMIGRATION ENFORCEMENT AGENT
_____    _____
(Name and title of Immigration Officer)    (Signature of Immigration Officer)

**TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE SUBJECT OF THIS NOTICE:**
Please provide the information below, sign, and return to DHS using the envelope enclosed for your convenience or by faxing a copy to _____. You should maintain a copy for your own records so you may track the case and not hold the subject beyond the 48-hour period.

Local Booking/Inmate #: _____    Latest criminal charge/conviction: _____ (date)    Estimated release: _____ (date)
Last criminal charge/conviction: _____

**Notice:** Once in our custody, the subject of this detainer may be removed from the United States. If the individual may be the victim of a crime, or if you want this individual to remain in the United States for prosecution or other law enforcement purposes, including acting as a witness, please notify the ICE Law Enforcement Support Center at (802) 872-6020.

_____    _____
(Name and title of Officer)    (Signature of Officer)

DHS Form I-247 (12/12)    Page 1 of 3

Exhibit (B)

```
DRJCT    540*23  *           SENTENCE MONITORING              *    05-06-2013
PAGE 001          *           COMPUTATION DATA                 *    15:39:53
                              AS OF 05-06-2013

REGNO..: 55737-019 NAME: BRUCE, DEAN OSBORNE


FBI NO............: 219084JA0          DATE OF BIRTH: 08-13-1970
ARS1..............: DRJ/A-DES
UNIT..............: K                   QUARTERS.....: K03-011U
DETAINERS.........: YES                 NOTIFICATIONS: YES

HOME DETENTION ELIGIBILITY DATE: 05-04-2014

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  06-26-2014 VIA GCT REL

REMARKS........: RELEASE AUDIT COMPLETED ON 05-01-2013 BY DSCC


-----------------------CURRENT JUDGMENT/WARRANT NO: 020 ------------------------

COURT OF JURISDICTION...........: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER...................: 1:04 CR. 00119-06(AK
JUDGE...........................: HELLERSTEIN
DATE SENTENCED/PROBATION IMPOSED: 11-29-2006
DATE SUPERVISION REVOKED........: 09-07-2011
TYPE OF SUPERVISION REVOKED.....: REG
DATE COMMITTED..................: 04-20-2013
HOW COMMITTED...................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED...............: NO

                 FELONY ASSESS   MISDMNR ASSESS   FINES           COSTS
NON-COMMITTED.:  $400.00         $00.00           $00.00          $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO          AMOUNT:   $00.00


------------------------CURRENT OBLIGATION NO: 010 -----------------------------
OFFENSE CODE....:   391
OFF/CHG: 21:846 CONSPIRACY TO DISTRIB MARIJUANA.18:922(G)(1) POSS
         OF A CONVICTED FELON.8:1326(A) ILLEGAL RE-ENTRY BY AN
         AGGRAVATED FELON. (SRT VIOL)

 SENTENCE PROCEDURE.............: SUPERVISED RELEASE VIOLATION PLRA
 SENTENCE IMPOSED/TIME TO SERVE.:      18 MONTHS
 TERM OF SUPERVISION............:       3 YEARS
 DATE OF OFFENSE................: 12-31-2001




G0002         MORE PAGES TO FOLLOW . . .
```

Exhibit CCS

The Secretary of State
of the United States of America
hereby requests all whom it may concern to permit the citizen/
national of the United States named herein to pass
without delay or hindrance and in case of need to
give all lawful aid and protection.

Le Secrétaire d'Etat
des Etats-Unis d'Amérique
prie par les présentes toutes autorités compétentes de laisser passer
le citoyen ou ressortissant des Etats-Unis titulaire du présent passeport,
sans délai ni difficulté et, en cas de besoin, de lui accorder
toute aide et protection légitimes.

SIGNATURE OF BEARER/SIGNATURE DU TITULAIRE

NOT VALID UNTIL SIGNED

PASSPORT

UNITED STATES OF AMERICA

Type/Caté- P
gorie
Code of issuing / code du pays   USA
State / émetteur
PASSPORT NO./NO DU PASSEPORT
085130181
Surname / Nom
DEWAR
Given names / Prénoms
IVAN HENRY
Nationality / Nationalité
UNITED STATES OF AMERICA
Date of birth / Date de naissance
25 JAN/JAN 21
Sex / Sexe   Place of birth / Lieu de naissance
M         JAMAICA
Date of issue / Date de délivrance   Date of expiration / Date d'expiration
28 JUN/JUN 96                        27 JUN/JUN 06
Authority / Autorité                 Amendments/
PASSPORT AGENCY                      Modifications
NEW ORLEANS                          SEE PAGE 24

P<USADEWAR<<IVAN<HENRY<<<<<<<<<<<<<<<<<<<<<<<<
0851301817USA2101255M060627<<<<<<<<<<<<<<<<4

Exhibit (D)

# THE UNITED STATES OF AMERICA

## No. 13714548

**CERTIFICATE OF NATURALIZATION**

Petition No. 1067729

*Personal description of holder as of date of naturalization: Date of birth* JUNE 14, 1932 *Sex* FEMALE
*complexion* BROWN *color of eyes* BROWN *color of hair* BLACK *height* 5 *feet* 7 *inches;*
*weight* 153 *pounds; visible distinctive marks* NONE
*Marital status* MARRIED *Country of former nationality* JAMAICA
*I certify that the description above given is true, and that the photograph affixed hereto is a likeness of me.*

*Linda Elfreda Dewar*
(Complete and true signature of holder)

·ORIGINAL·

*A.P.S. Registration No.* A26188157

UNITED STATES OF AMERICA  } ss:
EASTERN DIST. OF NEW YORK  }

*Be it known that at a term of the* ............................................... *District* ............ *Court of* ............
................................................ *The United States* ............ Brooklyn ....................................................
*held pursuant to law at* ............................................................................................................
*on* FEBRUARY 24, 1989 *the Court having found that*
LINDA ELFREDA DEWAR
*then residing at* BROOKLYN, NEW YORK
*intends to reside permanently in the United States (when so required by the
Naturalization Laws of the United States), had in all other respects complied with
the applicable provisions of such naturalization laws, and was entitled to be
admitted to citizenship, thereupon ordered that such person be and (s)he was
admitted as a citizen of the United States of America.*
*In testimony whereof the seal of the court is hereunto affixed this* 24TH
*day of* FEBRUARY *in the year of our Lord nineteen hundred and*
EIGHTY-NINE

ROBERT C. HEINEMANN
*Clerk of the* U.S. District *Court.*

By *[signature]* Deputy Clerk.

[Seal]

IT IS PUNISHABLE BY U. S. LAW TO COPY,
PRINT OR PHOTOGRAPH THIS CERTIFICATE,
WITHOUT LAWFUL AUTHORITY.

Exhibit (L)

| N° 0529 | THE CITY OF NEW YORK<br>OFFICE OF CITY CLERK<br>MUNICIPAL BUILDING, BROOKLYN | Marriage License<br>No. 11937  19 82 |

## Certificate of Marriage

I, **Aniello M. De Maio**, duly designated by the City Clerk of the City of New York to solemnize marriages, Do Hereby Certify that I did solemnize the rites of matrimony at the Office of the City Clerk, in the Borough of Brooklyn, City of New York, State of New York between **Ivan Henry Dewar** of **Brooklyn** in the County of **Kings**, State of **New York**

AND

**Linda Elfreda Wright** of **Brooklyn** in the County of **Kings** State of **New York**
in the presence of **Verzel King**
and _____ as witnesses.

Witness my hand this date, **Nov 26 1982** at the Office of the City Clerk, Borough of Brooklyn, City of New York, State of New York.

*Aniello M. De Maio*
Deputy City Clerk of the City of New York, Borough of Brooklyn

R.F. 76-38M Sets-74318(82) 346



Exhibit (F)

**BIRTH REGISTRATION FORM**

ORIGINAL FORM A   (Section 12)

1. BIRTH IN THE DISTRICT OF _KINGSTON_
2. PARISH _KINGSTON_   3. No. _AA 9304_

Do not write in this margin

4. Place of Birth _VICTORIA JUBILEE LYING IN HOSPITAL_
5. Date of Birth _Thirteenth August 1970_
6. Sex _Male_
7. Name of Child _____
8. Physician or registered midwife in attendance _Nurse T. Wright_

FATHER

9. Name and Surname _____
10. Age at time of birth _____ years  11. Occupation _____
12. Birthplace _____

MOTHER

13. (a) Residence _2a Arlington Avenue_
    (b) Town or Village _Windward Road_  (c) Parish _Kingston_
14. No. of Children previously born to mother (a) Alive _3_ (b) Still-born _nil_
15. Name and Maiden Surname _Linda Wright_
16. Age at time of birth _38_ years  17. Occupation _nil_
18. Birthplace _St. Elizabeth_

INFORMANT

19. Name and Surname _____
20. Qualification _____
21. (a) Residence _____
    (b) Town or Village _____
    (c) Parish _____

Signature of Informant

REGISTRAR'S CERTIFICATE

22. (a) ~~Signed in my presence by the said informant~~
    (or)
    (b) Entered by me from the particulars on a Certificate received from _J. Phillips for Chief Resident Officer_ _VICTORIA JUBILEE LYING IN HOSPITAL_
23. Witness _____
24. Date _Nineteenth August 1970_  25. (Signed) _J. Foster_ Registrar

NAME IF ADDED AFTER REGISTRATION OF BIRTH

26. Name _Dean Osbourne Bruce_
27. Authority _Certificate of Naming_
28. Date added _Sixteenth March 1971_