UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

    - v. -                                      :        S5 04 Cr. 119 (AKH)
                                                                                                                        S6 04 Cr. 119 (AKH)

ALYSHA LOPAC,                     :

                Defendant.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SENTENCING MEMORANDUM OF THE UNITED STATES OF AMERICA**

                                                      PREET BHARARA
                                                      United States Attorney for the
                                                      Southern District of New York
                                                      Attorney for the United States of America

Amy Garzon
Assistant United States Attorney
    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

         - v. -                       :        S5 04 Cr. 119 (AKH)
                                                S6 04 Cr. 119 (AKH)
ALYSHA LOPAC,                         :

                  Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## SENTENCING MEMORANDUM

The Government respectfully submits the following memorandum in connection with the sentencing of Alysha Lopac (the "defendant"), which is scheduled for September 16, 2013 at 11:00 a.m. For the reasons that follow, the Government submits that a sentence within the stipulated Guidelines range of 27 to 33 months' imprisonment would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing set forth in Title 18, United States Code, Section 3553(a).

### I.  BACKGROUND

**A.     Offense Conduct**

The defendant was charged on April 28, 2005, in Indictment S5 04 Cr. 119 (AKH) in Count One of conspiracy to distribute and possession with the intent to distribute 1,000 kilograms and more of marijuana, in violation of Title 21, United States Code, Sections 846, 812, 841(a)(1) and 841(b)(1)(A), and in Count Two of possession with the intent to distribute approximately 8.2 kilograms of marijuana, Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(D). Presentence Investigation Report (hereinafter "PSR") ¶¶ 2-3.

On May 23, 2005, the defendant was convicted of Counts One and Two, however, on March 14, 2006, the Court vacated the defendant's conviction on Count One only. PSR ¶ 8.

On April 4, 2006, the defendant entered a plea of guilty to the sole count in Information S6 04 Cr. 119 (AKH), pursuant to an agreement with the Government, charging conspiracy to distribute and possession with the intent to distribute more than 50 kilograms of marijuana, Title 21, United States Code, Sections 846, 812, 841(a)(1) and 841(b)(1)(C).  PSR ¶ 9.

**B.    The Guidelines Calculations**

Pursuant to a plea agreement, the parties stipulated to an offense level of 18, a Criminal History Category of I, and a Stipulated Guidelines range of 27 to 33 months' imprisonment.  PSR ¶ 10.

As independently determined by the U.S. Probation Department in the PSR, the defendant has an adjusted offense level of 22, including a two level enhancement for obstruction of justice for lying to Pretrial Services and submitting two fraudulent documents which attest to medical treatment.  PSR ¶¶ 80-84.  The U.S. Probation also determined that the defendant has zero criminal history points, which places the defendant in Criminal History Category I.  PSR ¶ 91.  With a total offense level of 22 and a Criminal History Category of I, the defendant's advisory Guidelines range is 41 to 51 months' imprisonment.

## II.  APPLICABLE LAW

The Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), although they are no longer mandatory.  "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" – that range "should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007).  As the Second Circuit has noted, although the Guidelines do not dictate a presumptively reasonable sentence, they are not merely a "body of casual advice."  United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

After making the initial Guidelines calculation, a sentencing judge must then consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the

-3-

offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, see id. § 3553(a)(2); "the kinds of sentences available," id. § 3553(a)(3); the Guidelines range itself, see id. § 3553(a)(4); any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and "the need to provide restitution to any victims," id. § 3553(a)(7). See Gall, 128 S. Ct. at 596 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). To the extent District Court imposes a sentence outside the range recommended by the Guidelines, the Court must "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" Cavera, 550 F.3d at 189 (quoting Gall, 128 S. Ct. at 596).

### III.  DISCUSSION

In light of the nature and circumstances of the instant offense, as well as the history and characteristics of the defendant, the Government respectfully submits that a sentence within the Stipulated Guidelines range would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing. Particularly, as set forth more fully below, the defendant's conduct has evidenced her complete and total disregard of the law, beginning with her untruthful explanations to Pretrial and culminating in flight from the country prior to sentencing. Although the Government acknowledges that the defendant's flight may have been in part motivated by her mother's mental

-4-

health condition, that does not excuse her conduct in disappearing from this District for almost seven years to avoid sentencing, and does not explain her other transgressions with Pretrial Services. Thus, a significant sentence is necessary here in particular to promote respect for the law and provide just punishment.

Application of the Section 3553(a) factors in this case militate forcefully in favor of a sentence within the Stipulated Guidelines Range:

First, a substantial sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. See 18 U.S.C. § 3553(a)(2)(A). Here, the seriousness of the offense is reflected by the defendant's participation in the charged conspiracy. Specifically, at least 50 FedEx boxes containing marijuana were delivered to addresses where the defendant lived, and the defendant admitted to knowing there were drugs in those boxes.

The necessity to promote respect for the law and to provide just punishment is evident from the defendant's conduct. Aside from the untruths to Pretrial, the defendant fled the jurisdiction prior to sentencing. Specifically, she failed to appear for her sentencing on September 21, 2006, and she fled to Canada. She returned here only after she was arrested on December 20, 2012 in Canada and extradited to the United States. The defendant was a fugitive for almost seven years, and showed no indication of returning to answer for her crimes in the United States. Though the defendant claims she left to care for her mother, that does not justify the defendant's breaking additional federal laws, i.e., bail jumping.

Second, a substantial sentence is necessary to afford adequate deterrence. See 18 U.S.C. § 3553(a)(2)(B). Even after having been found guilty by a jury and having pleaded guilty, the defendant continued to break federal law by bail jumping. Specific deterrence, thus, is clearly an issue with this defendant, and one the Court should weigh heavily in imposing sentence.

Third, a substantial sentence is necessary to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a)(2)(C). The defendant's actions collectively demonstrate a lack of

respect for authority and a seeming inability to live a law-abiding life in the United States. Even assuming that the defendant did not commit any additional crimes while in Canada, she was a fugitive from justice in the United States the whole time she was in Canada. Given this history, the Government submits that a sentence within the Stipulated Guidelines range is appropriate to protect the public from future crimes of the defendant.

## IV.  CONCLUSION

For the foregoing reasons, the Government respectfully submits that a sentence within the Stipulated Guidelines range is appropriate here and would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

Dated: New York, New York
September 9, 2013

>
> Respectfully submitted,
>
> PREET BHARARA
> United States Attorney
> Southern District of New York
>
>
> By:   \_\_\_/s/ Amy Garzon_____
> Amy Garzon
> Assistant United States Attorney
> (212) 637-2431